UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TOR BERNARD WHITE, | Civil No. 10-3393 (RHK/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| GUARANTY BANK, and<br>JASMINE - BANK TELLER, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's amended application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 8.) The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil complaint that described a banking problem. (Docket No. 1.) The complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) However, Plaintiff is a state prison inmate, which means that he must pay an initial partial filing fee before he can proceed IFP. 28 U.S.C. § 1915(b)(1).

The Court previously determined that Plaintiff's first IFP application could not be granted because (i) the application did not include all of the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff failed to pay the

initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his attention by this Court's order of September 2, 2010. (Docket No. 6.) That order gave Plaintiff 30 days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that would include all of the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On September 22, 2010, Plaintiff filed the amended IFP application that is now before the Court, (Docket No. 8), and that application does include certified trust account information, as required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1).[2] Plaintiff has not offered any explanation for his failure to

---

[1] The Court's prior order plainly stated: "Plaintiff will be required to submit both a new IFP application, and his initial partial filing fee, within 30 days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated September 2, 2010, [Docket No. 6], p. 3, [emphasis in the original order].)

[2] According to the trust account information provided in Plaintiff's amended IFP application, the average amount of his monthly deposits during the preceding five months was $42.58, and his average monthly balance during the same period was $42.24. (The statute requires trust account information for the preceding six months, but a note on Plaintiff's IFP application indicates that he had been in prison for only five months, so the initial partial filing fee would have to be determined based on the trust account information for that five-month period.) Therefore, the initial partial filing fee that Plaintiff was required to pay, pursuant to the formula prescribed by § 1915(b)(1), was $8.52, ($42.58 x 20% = $8.52).

pay the fee required by statute, and by this Court's prior order. Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[3]

---

[3] Plaintiff's amended IFP application was accompanied by a handwritten note addressed to the Court. (Docket No. 7.) That note indicates that Plaintiff is attempting to sue the named Defendants for "negligence," which is a state law tort claim that would have to be brought in state court, rather than federal court. Thus, if Plaintiff had paid his initial partial filing fee, this case undoubtedly would have been immediately dismissed for lack of federal subject matter jurisdiction.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 2 and 8), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 17, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 1, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.